Isaac W. Bangs & another *vs.* Shepherd Watson.

A judgment on a debt for necessaries is barred by a certificate of discharge under subsequent proceedings in insolvency, although the original debt would not be barred.

DEWEY, J.   This is an action upon a judgment, in defence of which the defendant sets up a discharge under our insolvent laws.   The plaintiff, admitting the legality of the proceedings in insolvency, and that the usual discharge was granted to the defendant, yet denies that it constitutes any defence to the present action, inasmuch as by the provisions of *St.* 1848, *c.* 304, § 10, it is provided that no discharge of a debtor under the insolvent acts, " shall bar any claim for necessaries furnished to such debtor, or to his family, unless such claim shall have been proved against his estate."   The question is, whether the present claim falls within the provisions of this section.

This suit is brought upon a judgment recovered in the court of common pleas in December 1850.   That judgment was not proved against the estate of the insolvent, and the plaintiff now offers to show that the demand upon which it was recovered was for necessaries furnished by the plaintiff to the defendant It is contended on the part of the defendant that the original indebtedness, or cause of action in the suit in which judgment was rendered in 1850, was merged in the judgment, and that the only existing debt that could have been proved in insolvency was a debt for money due on a judgment.

How far a judgment is to be considered as a merger of the original cause of action, and how far on the other hand the court will look into the judgment for the purpose of ascertaining what the original cause of action was, seems to be a point upon which even our own authorities are not entirely uniform.

In *Betts* v. *Bagly*, 12 Pick. 572, where an action was brought upon a judgment rendered in Massachusetts, between parties resident in New York, and where the original cause of action was a debt created in New York and subject to the insolvent law of New York, the court did look behind the judgment, and give effect to the discharge. Unless a distinction can be taken from the fact that the debt was contracted in New York, and the parties always had resided in New York, as well at the time of the creation of the debt as at the time of instituting a suit and obtaining a judgment in Massachusetts, the decision in the case of *Betts* v. *Bagly* seems at variance with the more recent cases decided by this court as to the effect of a judgment in merging the original cause of action.

In *Sampson* v. *Clark*, 2 Cush. 173, where a judgment was recovered three days after the first publication of notice that a warrant had issued against the estate of the debtor, the court held that the original demand could not be proved, because it was extinguished by the judgment; and the judgment debt could not be proved, because the same was not rendered until after the publication of notice of the issuing of the warrant. In *Rindge* v. *Breck*, 10 Cush. 43, where a promissory note was sued, and a discharge under the insolvent laws pleaded in defence, the court refused to allow the plaintiff to show that the consideration of the note was a debt due for necessaries furnished by the plaintiff to the defendant, and that the note was given in settlement of the book account therefor. It was said in that case by the court that "the plaintiff's claim was on a promissory note, and not on an account for necessaries. By taking the note, the party obtained the advantage of conclusive proof of his debt, and the power of negotiating it; by retaining his original demand, he would have had the advantage of prov-

ing his debt, or of retaining his cause of action against the debtor, in case of insolvency. But he could not retain both, and by electing one he relinquished the other."

It seems to us that the case is still stronger here, as a judgment must be held to operate more fully as a merger of the original cause of action than the taking of a negotiable note, payable on demand. As a matter of evidence the judgment is far more conclusive. It has also the benefit of exemption from the general statute of limitations, thus rendering it more available than an account. It would not be open to the defendant to inquire into the consideration, and the plaintiff may also properly be estopped from a similar inquiry for the purpose of rendering his judgment more effectual.

The decision in the case of *Sampson* v. *Clark*, which has also been followed by others, certainly establishes the doctrine that a judgment is a merger of the original cause of action, so far as to defeat any claim for an allowance under it, against an insolvent estate. See *Faxon* v. *Baxter*, 11 Cush. 37, and cases cited. If this be so, such judgment must also defeat any claim to recur to the original cause of action to avoid a discharge which would be good against any judgment rendered, as this was, before the institution of the proceedings in insolvency.

*Exceptions overruled.*

*A. F. L. Norris*, for the plaintiff.
*A. R. Brown*, for the defendant.